UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ALEKS STOJANOVIC,

                Plaintiff,

           v.

BRIGHTER CHOICE FOUNDATION, INC. and
ACHIEVEMENT ACADEMY CHARTER SCHOOL,

                Defendants.

**ELECTRONICALLY FILED**

**ANSWER**

Civil Action No. 13-CV-0094 (LEK/CFH)

      Defendants, Brighter Choice Foundation, Inc. ("the Foundation") and Achievement Academy Charter School ("Achievement Academy," or, collectively, "Defendants"), by their attorneys, Bond, Schoeneck & King, PLLC, for their Answer to the Complaint:

      1.    The allegations in Paragraphs "1," "2," "3," "4," "5," "10," "11," "49," "50," "51," "52," "55," "58," "59," "63," "66," "69," "70," "73," "74," "75," "80," "81," "84," "90," "95," "99," "102," "103," "107," "110," "113," "116," "117," "118," "122," "124," "125," "130," "131," "134," "135," "136," and "137," are legal conclusions to which no response is required, and the Defendants therefore deny the allegations.

      2.    Admit the allegations in Paragraphs "13," "14," "16," "20," and "47."

      3.    Deny the allegations in Paragraphs "17," "18," "19," "23," "30," "34," "43," "44," "53," "54," "56," "60," "62," "64," "71," "76," "78," "82," "86," "88," "91," "93," "94," "96," "104," "108," "111," "114," "115," "120," "121," "123," "127," "128," "129," and "133."

      4.    In Response to Paragraph "5," Defendants admit that venue is proper, except deny that Plaintiff's claims have any merit.

5. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs "6," "79," "89," and "109," and therefore deny the allegations.

6. Admit the allegations in Paragraph "7," but the Foundation's principal place of business is in the County of Albany, New York.

7. Admit the allegations in Paragraph "8," but Achievement Academy's principal place of business is located at 75 Park Avenue, Albany, New York.

8. The allegations in Paragraph "9" are legal conclusions to which no response is required and Defendants therefore deny the allegations, except admit that Plaintiff is Caucasian.

9. Defendants deny the allegations in Paragraphs "12," "40" "98," and "106," insofar as they apply to the Foundation, and admits the allegations insofar as they apply to Achievement Academy.

10. Deny the allegations in Paragraph "15," except admit that Christian Bender interviewed Plaintiff for the position.

11. Admit the allegations in Paragraphs "21" and "22 insofar as they apply to Defendant, Achievement Academy. The Foundation lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs "21," and "22," and therefore denies the allegations.

12. Defendant, Achievement Academy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "24," and therefore denies the allegations, except admits that Plaintiff took medical leave in or around May of 2009. The Foundation lacks knowledge or information sufficient to form

a belief as to the truth of the allegations in Paragraph "24," and therefore denies the allegations.

13. Deny the allegations in Paragraph "25," insofar as they apply to Defendant, Achievement Academy, except admit that Plaintiff returned to work in June 2009. The Foundation lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "25," and therefore denies the allegations.

14. Deny the allegations in Paragraphs "26," "27," "35," "36," "37," "38," "60," "67," "68," "77," "100," and "101," insofar as they apply to Achievement Academy. The Foundation lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs "26," "27," "35," "36," "37," "38," "60," "67," "68," "77," "100," and "101," and therefore denies these allegations.

15. Deny the allegations in Paragraph "28," insofar as they apply to Achievement Academy, except admit that Plaintiff received a performance evaluation regarding his performance in or around September 2009. The Foundation lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "28," and therefore denies the allegations.

16. Defendants deny the allegations in Paragraph "29," except admit that Plaintiff submitted a letter regarding his September 2009 evaluation, and refer to it for its terms and effect.

17. Deny the allegations in Paragraph "31," insofar as they apply to Achievement Academy except admit that Plaintiff was placed on a written action plan. The Foundation lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "31," and therefore denies the allegations.

18. Deny the allegations in Paragraph "32," insofar as they apply to Achievement Academy, except admit that Plaintiff received a reduced bonus. The Foundation lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "32," and therefore denies the allegations.

19. Deny the allegations in Paragraph "33" insofar as they apply to Achievement Academy, except admit that Plaintiff received a written warning regarding his work hours and tardiness on October 5, 2009. The Foundation lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "33," except denies the allegation that Bender directed Stojanovic that administrative level employees need not follow a set schedule.

20. Deny the allegations in Paragraph "39" insofar as they apply to Achievement Academy, except admit that Ms. Swan began directing Plaintiff to reduce the excessive expenses he was incurring on behalf of the school. The Foundation lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "39."

21. Deny the allegations in Paragraph "41" insofar as they apply to Achievement Academy, except admit that Plaintiff was one of three employees over age fifty (50). The Foundation lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "41."

22. Deny the allegations in Paragraph "42" insofar as they apply to Achievement Academy, except admit that Plaintiff's communication style contributed in part to the decision to terminate his employment. The Foundation lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph "42," and therefore denies the allegations.

23. In response to Paragraph "45," Defendants admit that they received notice of Plaintiff's EEOC Charge and refer to that document for its terms and effect.

24. In response to Paragraph "46," Defendants admit that they received notice of the EEOC's issuance of a Right to Sue letter and refer to that document for its terms and effect.

25. In response to Paragraphs "48," "57," "65," "72," "83," "92," "97," "105," "112," "119," "126," and "132," Defendants repeat their responses to the incorporated paragraphs as if fully set forth herein.

26. Deny the allegations in Paragraphs "61," and "87," insofar as they apply to Achievement Academy, except admits that Ms. Swan made continuing efforts to address Plaintiff's continuing performance deficiencies. Deny the allegations in Paragraphs "61," and "87," insofar as they apply to the Foundation.

27. Admit the allegations in Paragraph "85" insofar as they apply to Achievement Academy. The Foundation lacks information or knowledge sufficient to form a belief as to the truth of Paragraph "85" and therefore denies the allegations.

28. Deny all allegations not expressly admitted.

29. Deny that Plaintiff is entitled to any relief.

## FIRST DEFENSE

30. The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

31. Defendant Brighter Choice Foundation, Inc. was not Plaintiff's employer and is therefore not liable for any of Plaintiff's claims.

## THIRD DEFENSE

32. Plaintiff's claims against Defendant, Achievement Academy, are barred, in whole or in part, because at all times and with respect to all allegations asserted in the Complaint, Achievement Academy acted in a non-discriminatory manner, for legitimate business reasons wholly unrelated to Plaintiff's disability, or age, and properly exercised its duties under the statutes upon which Plaintiff bases is claims.

## FOURTH DEFENSE

33. Defendant, Achievement Academy has established policies to comply with anti-discrimination laws, and has acted in good faith, without intent to violate, and without reckless disregard of, those laws.

## FIFTH DEFENSE

34. Plaintiff's claims of disability discrimination under the Americans with Disabilities Act, as amended (ADA) and the New York Human Rights Law (NYHRL) are barred because Plaintiff is not a qualified individual with a disability within the meaning of the ADA.

## SIXTH DEFENSE

35. Defendant Brighter Choice Foundation, Inc. is not an employer as defined in the ADA, 42 U.S.C. §§ 12111(5), the Family and Medical Leave Act, as amended (FMLA), 29 U.S.C. § 2611(4), the Age Discrimination in Employment Act

(ADEA), 29 U.S.C. § 630(b), the Rehabilitation Act, 29 U.S.C. § 791(g), or the NYHRL, NY Exec. Law §§ 292, and, therefore, is not subject to liability under those statutes.

## SEVENTH DEFENSE

36. Plaintiff failed to mitigate his damages.

## EIGHTH DEFENSE

37. Plaintiff's claims for damages are barred, in whole or in part, by the applicable statutory remedy provisions.

## NINTH DEFENSE

38. Defendant Brighter Choice Foundation, Inc. is not responsible for any damages alleged to have been suffered by Plaintiff.

## TENTH DEFENSE

39. Any accommodations requested by Plaintiff was not a reasonable accommodation and therefore he was not entitled to such accommodation since he was asking Defendant, Achievement Academy to relieve him of an essential function of his position.

WHEREFORE, Defendants respectfully request that the Court enter an Order dismissing the Complaint in its entirety and awarding Defendants their costs and reasonable attorneys' fees, and such further relief as the Court deems just.

Dated:  April 1, 2013                    BOND, SCHOENECK & KING, PLLC

By:  Nicholas J. D'Ambrosio, Jr.
       Bar Roll No.: 101449
Attorneys for Defendants
111 Washington Avenue
Albany, NY  12210-2211
Telephone:  (518) 533-3000
Facsimile :  (518) 533-3299
E-Mail:  ndambrosio@bsk.com

297482.1 4/1/2013

TO:    Graig E. Zappia, Esq.
        Bar Roll No. 513581
        TULLY RINCKEY, PLLC
        Attorneys for Plaintiff
        441 New Karner Road
        Albany, NY 12205
        Telephone:  (518) 218-7100
        Facsimile:  (518) 218-0496
        Email:  gzappia@1888Law4Life.com